IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DERRICK BURNS, | ) |
| No. 47554-424 | ) |
| | ) |
|       Petitioner, | ) |
| | ) |
| vs. | )   Case No. 15-cv-00293-DRH |
| | ) |
| UNKNOWN U.S. MARSHAL, | ) |
| | ) |
|       Respondent. | ) |

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Derrick Burns is currently in the custody of the United States Marshal, awaiting trial in *United States v. Burns*, Case No. 14-cr-40081-SMY (S.D. Ill. Oct. 7, 2014). He is charged with making and mailing a bomb threat against Southern Illinois University.[1] Pursuant to 28 U.S.C. § 2241, Burns has now filed a petition for writ of habeas corpus seeking release from pretrial custody (Doc. 1). He also seeks leave to proceed *in forma pauperis* (Doc. 2).

As a preliminary matter, based on the financial information provided with his motion, Burns' motion to proceed *in forma pauperis* (Doc. 2) is **GRANTED**.

---

[1] Burns filed the petition while being held in the Federal Medical Center in Springfield, Missouri, on a temporary writ issued in his criminal case. Burns is likely in transit back to this judicial district, as his mail has been returned as "undeliverable" (Doc. 5). In any event, the Court considers the U.S. Marshal for the Southern District of Illinois, Donald Slazinik, to be the proper respondent.

In accordance with Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts, the petition must undergo preliminary review.[2]  "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Burns contends that a magistrate judge in the Northern District of Illinois released him on his own recognizance, so the United States Marshal was wrong to detain and transport him to this judicial district, where the initial order of release was reviewed and reversed (*see* Case No. 14-cr-40081 Doc. 17).  Burns takes issue with the factual and legal basis for his detention, as well as his indictment.  He also contends the conditions of his confinement violate the Eighth Amendment.

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when a petitioner is challenging the fact or duration of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973); *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994).  However, challenges to the conditions of confinement are properly brought in a civil rights action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 3 88 (1971), or a claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671–2680. *See Pischke v. Litscher*, 178 F.3d 497(7th Cir. 1999) (discussing the habeas corpus-civil rights/conditions of confinement dichotomy).  Accordingly, and consistent

---

[2] Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases, such as this action under 28 U.S.C. § 2241.

with Burns' choice, this action is construed solely as a Section 2241 petition for writ of habeas corpus.

The petition will be summarily dismissed because Burns has failed to exhaust his remedies in his ongoing criminal case. *See Jones v. Perkins*, 245 U.S. 390, 391-92 (1918) ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial."); *Riggins v. United States,* 199 U.S. 547, 550-51 (1905) (vacating order granting habeas relief when pretrial detainees filed habeas petitions before "invok[ing] the action of the Circuit Court upon the sufficiency of the indictment by a motion to quash or otherwise").

**IT IS HEREBY ORDERED** that petitioner Burns' motion for leave to proceed *in forma pauperis* (Doc. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that, for the reasons stated, the petition is ***DISMISSED without prejudice***. Consequently, Burns' motion for respondent to show cause (Doc. 3) is **DENIED**. Final Judgment shall enter accordingly and the case shall be closed.

**IT IS SO ORDERED.**

Digitally signed by David R. Herndon
Date: 2015.04.12 06:45:05 -05'00'

**United States District Judge**